IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-CV-300

| | |
|---|---|
| MUHAMMAD W. K. ABDUL QADIR, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| SOUTH CAROLINA DEPARTMENT OF<br>MOTOR VEHICLES, ANN WICKER,<br>NORTH CAROLINA DEPARTMENT OF<br>MOTOR VEHICLES, and J.F. McHAN, | )<br>)   **ORDER**<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint filed July 6, 2010 under 42 U.S.C. § 1983 (2006). (Doc. 1.) Plaintiff complains that his driver's license was wrongfully suspended in 1997 when he failed to pay a speeding citation. He alleges, *inter alia*, that he was denied a hearing on the original speeding ticket, and that Defendants misinformed him of the place of his supposed hearing. After careful consideration by the Court, Plaintiff's Complaint is **DISMISSED** for the reasons set forth herein.

Plaintiff's *in forma pauperis* Complaint seeks relief under 42 U.S.C. § 1983. Section 1983 provides a cause of action to any person whose civil rights are deprived under color of state law. 42 U.S.C. § 1983 (2006). Plaintiff's ability to proceed *in forma pauperis* is governed by statute, which allows "any court of the United States [to] authorize the commencement . . . of any suit . . . without prepayment of fees . . . by a person who submits an affidavit . . . [stating that] the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1) (2006). There are, however, limits to proceeding *in forma pauperis*. In particular, "the court *shall* dismiss the case at any time the court determines that . . . the

action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B) (emphasis added).

Plaintiff's Complaint is "frivolous" and "fails to state a claim on which relief may be granted." *See id.* Plaintiff's driver license was suspended because he failed to pay a speeding citation. (Doc. 2, 17.) To obtain a new license, Plaintiff need only follow the instructions provided to him by the State of South Carolina in his exhibits he provided to the Court. *Id.*

Plaintiff's Complaint is hereby **DISMISSED**.

**IT IS SO ORDERED.**

Signed: July 8, 2010

Graham C. Mullen
United States District Judge